## SIERRA CLUB, et al., Plaintiffs

v.

## UNITED STATES ARMY CORPS OF ENGINEERS, et al., Defendants

## Hempstead County Hunting Club, Inc., Plaintiff

v.

## Southwest Electric Power Company, et al., Defendants.

Nos. 4:10–cv–04017, 4:10–cv–04098.

United States District Court,
W.D. Arkansas,
Texarkana Division.

Dec. 7, 2010.

Wiygul, Waltzer & Associates, Ocean Springs, MS, Clay Garside, Waltzer & Associates, New Orleans, LA, for Sierra Club, et al.

Andrew J. Turner, Eric John Murdock, Hunton Williams LLP, Washington, DC, David R. Matthews, Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A., Rogers, AR, Kelly Murphy McQueen, Perkins & Trotter, PLLC, Little Rock, AR, Janet J. Henry, Columbus, OH, for Southwest Electric Power Company, et al.

Devon Lehman McCune, U.S. Department of Justice, Denver, CO, Eileen T. McDonough, Stephanie J. Talbert, Tyler Bair, Mark Arthur Brown, U.S. Department of Justice, Washington, DC, Claude S. Hawkins, Jr., U.S. Attorney's Office, Fort Smith, AR, for United States Army Corps of Engineers, et al.

Charles R. Nestrud, Heather Moody, Chisenhall, Nestrud & Julian, Shirley Jones, Stephen C. Engstrom, Wilson Engstrom Corum Coulter, Little Rock, AR, Frederick W. Addison, III, Amy L. Rickers, Nolan C. Knight, Munsch, Hardt, Kopf & Harr, PC, Dallas, TX, for Hempstead County Hunting Club, Inc.

## ORDER

WILSON, District Judge.

On May 25, 2010, I accepted this case on a transfer from the Western District of Arkansas, after the judges in that district recused. Early in the case I noted that it appeared to be as hairy as the Fouke Monster.[1]

In preparing for the preliminary injunction hearing, I reviewed, among other things, the administrative record consisting of thousands of pages, along with exhibits.

The parties filed numerous pleadings and briefs consisting of several hundred

1. Earl E. Smith, *The Legend of Boggy Creek.* Directed by Charles B. Pierce (1972).

pages. Commencing with opening statements on August 4, 2010, six days of hearings were held. After the hearing, the parties filed lengthy proposed findings of fact and conclusions of law.

I pause to note that the papers and oral presentations by the lawyers for the parties were superb.

On October 27, 2010, I entered a twenty-page order granting, in part, Plaintiffs' Motions for a Preliminary Injunction.[2] In this order, I attempted to carefully analyze the points urged by each party.

As expected, SWEPCO, against whom the preliminary injunction was granted, sought relief in the Court of Appeals for the Eighth Circuit. SWEPCO requested a stay of the preliminary injunction pending a decision by the appellate court, arguing: (1) the Court should vacate the preliminary injunction order for lack of jurisdiction; (2) SWEPCO is likely to prevail on the merits of the appeal; (3) SWEPCO would be irreparably harmed absent a stay; (4) a stay would not substantially injure the other parties; and (5) a stay is in the public interest.

On November 24, 2010, the Eighth Circuit granted SWEPCO's request for relief by an order, which I quote in full:

> The motion filed by Southwestern Electric Power Company for a stay pending appeal of the preliminary injunction order entered by the district court on October 27, 2010, is granted.

(Signed by the Clerk at the direction of the Court.)

I realize full well that my order was not a slam dunk, but I was surprised to see the preliminary injunction eliminated by a one-sentence order.

Over forty years ago, the late George Rose Smith, then an associate justice of the Arkansas Supreme Court (and a renowned word merchant), wrote a paper entitled *A Primer of Opinion Writing, For Four New Judges*.[3] Before going a step further, I note that I in no way suggest that any judge of the Eighth Circuit is in need of instruction on the mechanics of writing an opinion; but I do think a subsection entitled "Why An Opinion At All?" has thoughts that might be pondered by these judges. I quote a portion of that subsection:

> Above all else to expose the court's decision to public scrutiny, to nail it up on the wall for all to see. In no other way can it be known whether the law needs revision, whether the court is doing its job[.][4]

And of course, the litigating parties and trial judge are interested in the court's thinking (SWEPCO has just filed a motion asking for clarification of when the Eighth Circuit will address the issue of standing).

The projects that were stopped by the now-dissolved preliminary injunction will apparently be completed well before the Eighth Circuit considers the case on the merits. In other words, the harm I foresee will have been done, irrevocably.

Without any indication of the Eighth Circuit's specific thinking, I believe my time would be better spent working on other cases that need attention. To the Circuit Court, with respect to this case, I say, "Let's say goodbye like we said hello—in a friendly kind of way."[5] I recuse.

**2.** Case No. 4:10cv04017–WRW, Doc. No. 143; Case No. 4:10cv04098–WRW, Doc. No. 143.

**3.** 21 Ark. L.Rev. 197.

**4.** 21 Ark. L.Rev. at 200–01.

**5.** Ernest Tubb, "Let's Say Goodbye Like We Said Hello."